# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| **IRENE REED,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | } **CASE NO.:**<br>} **JURY TRIAL DEMANDED** |
| **EL CANTARITO MEXICAN RESTAURANT INC. AND JESUS LEON,** | }<br>}<br>}<br>} |
| **Defendants.** | } |

## COMPLAINT

**COMES NOW** the plaintiff, Irene Reed ("Plaintiff" or "Ms. Reed"), by and through counsel, and for her complaint against the defendants, El Cantarito Mexican Restaurant Inc. ("El Cantarito") and Jesus Leon ("Leon") (collectively, "Defendants"), avers as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 because this is an action arising, in part, pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA").

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. The Court has supplemental jurisdiction over Plaintiff's claims for civil conversion pursuant to the common law of Tennessee as the same arise from the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this Court because the Plaintiff resides within the District, and Defendants maintain business operations within the District.

6. Venue is also proper in this Court because substantially all the acts and/or omissions giving rise to Plaintiff's claims occurred within the District.

## PARTIES

7. At all material times, Plaintiff was a resident of Roane County, Tennessee.

8. Further, at all material times during Plaintiff's employment by Defendants, Plaintiff was a FLSA non-exempt employee at one of Defendants' restaurants in Roane County, Tennessee.

9. At all material times, El Cantarito, was, and continues to be, a Tennessee for-profit corporation. El Cantarito may be served with process on its registered agent, Jesus Leon, at his registered agent address listed with the Tennessee Secretary of State: 1011 N. Roane Street, Harriman, TN 37748.

10. At all material times, Leon was the *de facto* owner and operator of El Cantarito and committed or directed the unlawful actions complained of herein, including personally stealing tips from Plaintiff. Pursuant to the FLSA, he is individually liable to Plaintiff. Leon may be served with process at 1011 N. Roane Street, Harriman, TN 37748.

11. At all material times, Defendants, were, and continue to be, engaged in business in the State of Tennessee, with a principal place of business in Roane County, Tennessee.

## COVERAGE AND CLAIMS

12. At all material times, Plaintiff was Defendants' "employee" within the meaning of the FLSA.

13. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

14. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

15. At all material times, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

16. At all material times, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. At all material times, the annual gross revenue of Defendants exceeded $500,000.00 per annum.

18. At all material times, Defendants were "engaged in commerce" and subject to individual coverage of the FLSA.

19. At all material times, Defendants were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

20. Plaintiff was employed by Defendants as a non-exempt, tipped employee working at Defendant's restaurant located in Harriman, Roane County, Tennessee.

21. Plaintiff worked for Defendants from October 5, 2021, to December 26, 2022.

22. As an employee, Plaintiff was paid wages on a tipped basis (except for those tips Defendants stole from Plaintiff, which amounts to civil conversion for which Plaintiff also complains) in exchange for work she performed for Defendants.

23. Defendants failed to pay Plaintiff amounts sufficient to comply with the FLSA's minimum wage provisions when her tips (including tips stolen by Defendants) did not meet the applicable minimum-wage threshold of not less than $7.25 per hour.

24. Plaintiff alleges that she is entitled to: (i) unpaid minimum wages, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq., (iii) declaratory relief pursuant to 28

U.S.C. § 2201; and (iv) an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

25. Defendants' actions constitute violations of the Fair Labor Standards Act and civil conversion.

26. Defendants' violations of the Fair Labor Standards Act and civil conversion damaged Plaintiff.

27. Defendants' violations of the FLSA and civil conversion were intentional and made knowing that such conduct was unlawful.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff sues for unpaid minimum wages.

**WHEREFORE**, Plaintiff sues for liquidated damages for unpaid minimum wages.

**WHEREFORE**, Plaintiff sues for sums unlawfully stolen (converted) by Defendants.

**WHEREFORE**, Plaintiff respectfully demands payment of her reasonable attorney's fees and costs in bringing this action pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully demands a jury be empaneled to hear this cause.

**WHEREFORE**, Plaintiff respectfully requests that this Court award such other and further relief as may be appropriate and assess the costs of this cause against Defendants.

*Respectfully submitted this 16th day of August.*

**IRENE REEED**

By: /s/ *James Friauf*
James W. Friauf (#027238)
LAW OFFICE OF JAMES W. FRIAUF
9111 Cross Park Dr., D200
Knoxville, TN 37923
Tele: (865) 236-0347
Email: james@friauflaw.com
Our File No.: 23-098-EPL

*Attorney for Plaintiff Irene Reed*