UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IRENE REED, | ) |
|     *Plaintiff*, | ) Case No. 3:23-cv-296 ) ) Judge Travis R. McDonough |
| v. | ) ) Magistrate Judge Debra C. Poplin |
| EL CANTARITO MEXICAN RESTAURANT INC. and JESUS LEON, | ) ) ) ) |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

Before the Court is the parties' joint motion for approval of settlement of claims under the Fair Labor Standards Act ("FLSA") (Doc. 17). For the following reasons, the motion will be **GRANTED**, and the settlement will be **APPROVED**.

### I. BACKGROUND

Plaintiff filed this action on August 16, 2023, alleging that Defendant violated the FLSA by failing to adequately compensate her for hours worked while employed by Defendant. (*See* Doc. 1, at 3.) The parties have now settled the dispute and filed a proposed settlement agreement with the Court. (*See* Doc. 17-1.) Defendants agree to pay $30,000 to Plaintiff, comprised of $12,500.00 in unpaid wages, $12,500.00 in liquidated damages, and $5,000.00 in attorneys' fees and costs. (*Id.* at 1.)

### II. STANDARD OF REVIEW

In reviewing an FLSA settlement, courts scrutinize the proposed settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA

provisions." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

An award of attorneys' fees and costs to Plaintiff's counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The Court "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Id.* Two methods may be used, the percentage-of-the-fund method and the lodestar method, and the Court must consider which method is more appropriate for the particular case. *Id.* The lodestar method calculates the number of hours reasonably expended by a reasonable hourly rate, while the percentage-of-the-fund method better accounts for the attorneys' success. *Id.*

Courts often also consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

### III. ANALYSIS

The Court **FINDS** that the proposed settlement payment of $25,000.00 is a fair and reasonable resolution of a bona fide dispute. The Court further **FINDS** that attorney's fees and costs of $5,000.00 are reasonable and appropriate under the circumstances. Accordingly, the motion (Doc. 17) is **GRANTED**, and the settlement agreement (Doc. 17-1) is **APPROVED**.

2
Case 3:23-cv-00296-TRM-DCP   Document 18   Filed 12/18/23   Page 2 of 3   PageID #: 55

The Court will **DISMISS** this action **WITH PREJUDICE**.

IV. **CONCLUSION**

For the reasons above, the Court **GRANTS** the motion (Doc. 17) and hereby:

1. **APPROVES** the settlement agreement for an amount of $25,000.00 to Plaintiff Irene Reed;

2. **AWARDS** reasonable attorney's fees and expenses to Plaintiff's counsel in the amount of $5,000.00; and

3. **DISMISSES** this action **WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**